Larry A. Zier, Esq., SBN 017090
LAW OFFICE OF LARRY A. ZIER, P.C.
7339 East Sixth Avenue
Scottsdale, AZ 85251
(480) 990-8783
minuteentries@zierlaw.com

Attorney for Plaintiff

IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| DIONICIA SANCHEZ-BAUTISTA,<br><br>    Plaintiff,<br><br>vs.<br><br>AUTO-OWNERS INSURANCE COMPANY, a Michigan corporation; MODERN HEALTHCARE, INC. dba STAMP MEDICAL; STAMP MEDICAL, PLLC; JOHN DOES I-X; ABC CORPORATIONS I-X; and BLACK and WHITE PARTNERSHIPS and/or SOLE PROPRIETORSHIPS, I-X,<br><br>    Defendants. | Case No. CV2022-016446<br>(United States District Court case number 2:23-cv-00124-SMM)<br><br>**FIRST AMENDED COMPLAINT**<br><br>**(Tort - Bad Faith)**<br><br>1. Breach of Contract<br>2. Bad Faith<br>3. Unlawful Practices<br>4. Declaratory Relief |

Plaintiff alleges as follows:

1.  Plaintiff DIONICIA SANCHEZ-BAUTISTA is a resident of Maricopa County, Arizona.

2.  Defendants AUTO-OWNERS INSURANCE COMPANY (hereinafter referred to as "OWNERS INSURANCE") is an insurance company that issued an automobile policy to Plaintiff (hereinafter referred to as "THE POLICY"). At all times relevant, Plaintiff was insured under the policy.

3.  At all times relevant hereto, Defendant MODERN HEALTHCARE, INC. dba STAMP MEDICAL; and STAMP MEDICAL, PLLC (hereinafter collectively referred to as "STAMP MEDICAL") were, on information and belief, individuals, legal entities, partnerships or duly-formed corporations, conducting business in the State of Arizona.

4. The true names or capacities, whether individual, corporate, associate, or otherwise, of Defendants JOHN DOES I-X, ABC CORPORATIONS I-X; and BLACK and WHITE PARTNERSHIPS and/or SOLE PROPRIETORSHIPS, I-X, are unknown to Plaintiff, wherefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and therefore alleges that each of the defendants designated herein is legally responsible in some manner for the events and happenings herein referred to, and legally caused injury and damages proximately thereby to Plaintiff as herein alleged.

5. At all times herein mentioned, Defendants, and each of them, were the agents and employees of each of the remaining defendants, and were at all times acting within the purpose and scope of said agency and employment, and each defendant has ratified and approved the acts of his or its agent.

6. Plaintiff is informed and believes and, based thereon, alleges that at all times relevant, Defendants, and each of them, were the agents, servants and/or employees of each of their co-defendants, and in doing the things hereinafter alleged were acting within the purpose and scope of said agency, service and employment and with the permission and consent of each of their co-defendants; and each Defendant has ratified and approved the acts of his or its agent.

7. Plaintiff is informed and believes and, based thereon, alleges that at all material times, the acts and/or omissions alleged in this Complaint were supervised, omitted and/or performed by Defendants OWNERS INSURANCE and/or STAMP MEDICAL, by and through individuals or entities who were full-time employees, part-time employees and/or independent contractors. Plaintiff is currently unaware of the exact names and capacities of these individuals, and hereby identifies said individuals or entities as the fictitiously named Defendants herein.

8. Pursuant to Arizona Rules of Civil Procedure, Rule 26.2(c)(3), the Court should assign this case to the Tier 3 based on the amount of damages Plaintiff requests.

**COUNT 1 - Breach of Contract [Under- Insured Motorist and Medical Payments Benefits]**
**(as to Defendants OWNERS INSURANCE only)**

9. On September 12, 2021, Plaintiff was involved in a motor vehicle collision with a negligent driver, who is not a party to this action.

10. On or about said date, said negligent driver intentionally, recklessly, or negligently operated a motor vehicle and collided with Plaintiff's automobile.

11. The actions of said negligent driver proximately caused the collision with Plaintiff's automobile and Plaintiff's injuries and damages herein.

12. As a result of the negligence of said negligent driver, Plaintiff suffered damages, including bodily injury for which she was treated. Plaintiff incurred medical bills as a result of her treatment.

13. Plaintiff submitted demands to Defendant OWNERS INSURANCE to settle the claims made pursuant to the applicable coverage and other applicable provisions of the policy or other benefits.

14. Defendants have failed and/or refused to pay or accept or reject Plaintiff's claims in writing, to settle same, or to arbitrate. In addition, Defendants have failed to pay Plaintiff's claims.

15. Plaintiff has performed all conditions, covenants, and promises required by her to be performed in accordance with the terms and conditions of the contract of insurance referred to herein.

16. Defendants, and each of them, have breached their contractual obligations to Plaintiff by the acts or omission set forth above, particularly those set forth in paragraph 22 hereunder, all to Plaintiff's damage as set forth herein and according to proof a trial.

17. As a proximate result of Defendant OWNERS INSURANCE's failure or refusal to pay, settle or lawfully resolve Plaintiff's claims, as required, Plaintiff has suffered, and will continue to suffer in the future, damages under the terms of the Policy, in an amount to be determined at trial.

Said damages include, but are not limited to damages as a result of medical bills, incurred as a result of the injuries Plaintiff suffered in said motor vehicle accident.

**COUNT 2 - Bad Faith (as to Defendants OWNERS INSURANCE only)**

18. Plaintiff hereby incorporates the previous allegations in this Complaint as if fully set forth herein.

19. All premiums due under THE POLICY have been paid to Defendant OWNERS INSURANCE at all times relevant herein and, further, Plaintiff has performed all obligations under THE POLICY to be performed.

20. Plaintiff submitted a demand to Defendant OWNERS INSURANCE to pay and settle her claims made pursuant to the under-insured and medical payments coverage provisions of THE POLICY.

21. Defendant OWNERS INSURANCE has failed and/or refused to pay or accept or reject Plaintiff's claims in writing, or to pay or settle same.

22. Defendants have breached their duties of fair dealing and good faith owed to Plaintiff in the following respects:

    a. Withholding benefits from Plaintiff and denying claims knowing Plaintiff's claims for benefits under THE POLICY to be valid.

    b. Failure to provide Plaintiff benefits pursuant to said claims at a time when Defendants had sufficient information within their possession to justify said action.

    c. Failure to reasonably and promptly investigate and process Plaintiff's claims under THE POLICY.

    d. Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claims in which liability has become reasonably clear.

      e.    Failure to provide a reasonable explanation of the basis relied upon in relation to the facts, for the denial of Plaintiff's claims and demands.

      f.    Failure to contract with competent personnel for the prompt and proper investigation and processing of Plaintiff's claims under said insurance policy.

      g.    By other acts or omission of Defendants.

23. As a proximate result of the aforementioned wrongful conduct of Defendants, Plaintiff has suffered, and will continue to suffer in the future, damages under the terms of THE POLICY in an amount to be determined at trial.

24. Defendants' conduct described herein was done with a conscious disregard of Plaintiff's rights and with the intent to vex, injure, or annoy Plaintiff, such as to constitute oppression, fraud, or malice, entitling Plaintiff to punitive damages in an amount appropriate to punish or set an example of Defendants.

**COUNT 3 - Unlawful Practices Pursuant to A.R.S. Title 44, Article 7 - Consumer Fraud (as to Defendants OWNERS INSURANCE only)**

25. Plaintiff refers to the foregoing paragraphs as though set forth in full in this cause of action.

26. Defendant OWNERS INSURANCE intentionally and unlawfully acted, used, or employed deception, deceptive acts or practices, fraud, false pretenses, false promises, misrepresentations, or concealment, all of which constituted unlawful practices and consumer fraud pursuant to A.R.S. Title 44, Article 7.

WHEREFORE, Plaintiff prays for judgment against Defendants OWNERS INSURANCE, as follows:

      A.    Damages for failure to provide benefits under THE POLICY in an amount to be determined at trial;

      B.    Special damages according to proof at trial;

      C.    For punitive damages in an amount to be determined at trial;

      D.    For reasonable attorney's fees as the court deems just and proper;

E.   For costs of suit incurred herein; and,

F.   For such other and further relief as the court deems just and proper.

**COUNT 4 - Declaratory Relief (as to Defendants STAMP MEDICAL only)**

27.   Plaintiff hereby incorporates the previous allegations in this Complaint as if fully set forth herein.

28.   On or about September 12, 2021, Plaintiff was involved in an accident and sustained injuries for which she required medical treatment and incurred medical expenses.

29.   Defendants or their principals and those on behalf of whom or which they are acting or affiliated, and each of them, charged certain fees or amounts for medical or related services, the responsibility for all or a portion or of which, Plaintiff contests.

30.   STAMP MEDICAL intentionally or negligently misrepresented to Plaintiff that it had a legal entitlement to bill Plaintiff and to assert claims against Plaintiff; and lien rights with respect to any proceeds from personal injury claims made by Plaintiff, notwithstanding the fact that Plaintiff is a recipient of benefits through Arizona Health Care Cost Containment System (AHCCCS), the relevant statutes with respect to which preclude STAMP MEDICAL (unbeknownst to Plaintiff) from such conduct.

31.   Plaintiff has paid STAMP MEDICAL certain amounts, based upon the intentional or negligent misrepresentation(s) by STAMP MEDICAL, calculated by STAMP MEDICAL to be relied upon by Plaintiff and to induce her to pay said amounts. Plaintiff reasonably, foreseeably and detrimentally relied upon said misrepresentations and paid STAMP MEDICAL, as set forth herein.

32.   Plaintiff desires a judicial determination of the rights and obligations of the parties hereto, with respect to the amount of money, if any, ever owed by Plaintiff personally to STAMP MEDICAL and/ or those for or on behalf of whom, or on behalf of which, it was acting or affiliated.

WHEREFORE, Plaintiff prays for judgment against Defendants STAMP MEDICAL, as follows:

A. Plaintiff is seeking a Declaration as to the respective rights and obligations of the parties hereto, including the sum, if any, to which STAMP MEDICAL was entitled to receive from Plaintiff personally;

B. That STAMP MEDICAL be directed to return any money unlawfully received from or on behalf of Plaintiff;

C. For reasonable attorney's fees and costs; and

D. For such other and further relief as the Court deems just and proper.

DATED this 24th day of January, 2023.

**LAW OFFICE OF LARRY A. ZIER, P.C.**

By:   /s/ Larry Zier
　　　Larry A. Zier, Esq.
　　　Attorney for Plaintiff

**ORIGINAL** of the foregoing e-filed this 24th day of January, 2023, to:

Kevin C. Barrett, Esq.
Jennifer M. Bahling, Esq.
BARRETT & MATURA, P.C.
8925 East Pima Center Parkway, Suite 215
Scottsdale, AZ 85258
Attorney for Defendant
　　Auto-owners Insurance Company

By:   /s/ Julie Rodriguez